UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION | : Case No. 2:19-md-02921 (BRM)(JAD)<br>: MDL NO. 2921<br>:<br>: JUDGE BRIAN R. MARTINOTTI<br>: JUDGE JOSEPH A. DICKSON |

**THIS DOCUMENT RELATES TO: ALL CASES**

### INITIAL CASE MANAGEMENT ORDER
### Setting Initial Conference

These matters having been transferred to this Court by order of the Judicial Panel on Multidistrict Litigation pursuant to its order of December 18, 2019, meriting special attention as complex litigation, the Court *sua sponte* enters the following Order:

1. **PREAMBLE**

The Court asserts its expectation that professionalism, courtesy, and civility will endure throughout these proceedings. The Manual for Complex Litigation, Fourth (hereinafter "MCL 4th") states the spirit in this language:

> Judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court. The complexity of legal and factual issues makes judges especially dependent on the assistance of counsel.

MCL 4th, *supra*, § 10.21. Counsel is further reminded of the parameters of Federal Rule of Civil Procedure 11, namely Rule 11(b) regarding representations to the Court.

2. **APPLICABILITY AND EFFECT**

a. **Applicability of Order.** Prior to the Initial Case Management Conference and entry of a comprehensive order governing all further proceedings in this case, subject to the provisions of Section 2(c), *infra*, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of December 18, 2019 (see Schedule A of that order). This Order also applies to all related cases filed in all vicinages of the District of New Jersey and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

b. **Consolidation.** The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the District of New Jersey, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

c. **Extension and Stay.** Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the Initial Case Management Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. All previously filed motions not directly filed to this MDL Master Docket are hereby administratively terminated. The parties shall re-file any such motions, as necessary, as directed by the Court following the Initial Case Management Conference.

## 3. INITIAL CASE MANAGEMENT CONFERENCE

a. **Date of Initial Case Management Conference and Agenda for Conference.** Matters relating to pretrial and discovery proceedings in these cases will be addressed at an Initial Case Management Conference to be held on **January 13, 2020, at 10:00 a.m.** in Judge Martinotti's courtroom, Courtroom 1 of the Frank R. Lautenberg Post Office and Courthouse, 2 Federal Plaza, Newark, New Jersey, 07102. Counsel are expected to familiarize themselves with the MCL 4th and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation, including but not limited to procedures for selecting lead counsel, liaison counsel, and chairs of certain committees and subcommittees. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall meet and confer and seek consensus to the extent possible with respect to, but not limited to, items on the agenda, fact sheets, a proposed discovery plan including ESI orders and protective orders, amendment of pleadings, consideration of any class action allegations and motions, the mode of trial, and any other case-management-related orders and procedures. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be emailed to the Court via Chambers_of_Judge_Brian_Martinotti@njd.uscourts.gov and Chambers_of_Magistrate_Judge_Joseph_Dickson@njd.uscourts.gov on or before January 9, 2020.

b. **Attendance.** To minimize costs and facilitate a manageable conference, counsel are encouraged, but not required, to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not

waive objections to jurisdiction, venue, or service.

    c. **Preparations for Conference.**

        i. <u>Procedures for Complex Litigation</u>. Counsel are expected to be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

        ii. <u>Initial Conference of Counsel</u>. Before the conference, counsel shall meet and confer – in person, by telephone conference, or by video conference – and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan and a suggested schedule for joinder of parties, amendment of pleadings, motions, and trial.

        iii. <u>List of Affiliated Companies and Counsel.</u> To assist the Court in identifying any problems of recusal or disqualification, counsel will submit with its statement under this section, by January 9, 2020, a list of all companies affiliated with the parties and all counsel associated in the litigation.

        iv. <u>List of Related Actions</u>. Counsels' statements under this Section shall include a list of all related actions pending in state or federal court and their current status, including the status of discovery, to the extent known.

        v. <u>Position Statement and Introductory Letter.</u> Plaintiffs and defendants shall submit to the Court via email[1] on or before January 9, 2020, a brief written statement, not more than three (3) pages, indicating their preliminary understanding of the facts involved in the litigation and the critical factual

---

[1] Chambers_of_Judge_Brian_Martinotti@njd.uscourts.gov and Chambers_of_Magistrate_Judge _Joseph_Dickson@njd.uscourts.gov

        and legal issues. These statements will <u>NOT</u> be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list: the approximate number of cases; the nature of the claims; any previously pending motions or existing deadlines; any discovery taken to date; and any discovery believed to be reasonably necessary in advance of settlement discussions. Any counsel having an interest in serving as interim lead/liaison counsel until a more formal slate is established should indicate that as well.

    vi. <u>Service list</u>. A service list will be maintained by the Clerk of the Court during the course of this litigation by adding parties/attorneys to the master docket. Any attorney who wishes to have his/her name added to or deleted from the master docket may do so upon request to the Clerk of this Court and notice to all other persons on such master docket. Parties who are not named as parties in this litigation but may later be joined as parties or who are parties in related litigation pending in other federal or state courts are invited to attend in person or through counsel. Counsel shall present to the Court at the Initial Case Management Conference a list of attorneys and their office addresses, phone and fax numbers, and e-mail addresses.

**4. FUTURE CASE MANAGEMENT CONFERENCES**

    a.    The Court will conduct [it is anticipated these conferences will be held every 30 to 45 days], and the parties may request, periodic status, scheduling, and case management conferences to assess the progress regarding the matters scheduled herein. Reasonable notice of

all such conferences will be provided to all counsel of record.

      b.      In anticipation of all future case management conferences, liaison counsel shall email to Judge Martinotti and Judge Dickson a joint proposed agenda and updated case list no fewer than five (5) days before any scheduled conference.

      c.      All conferences or parts thereof will be on the record and recorded. Anyone desiring a transcript may order one directly from Court Reporter Megan McKay-Soule via email at Megan_McKay-Soule@njd.uscourts.gov.

      d.      Counsel appearing at each conference shall sign an attendance sheet, be familiar with the issues to be discussed, and not schedule other matters for the date and time of the conference.

      e.      All counsel are required to comply with the provisions of each order whether or not he or she was in attendance at the conference giving rise to the order.

**5. MASTER DOCKET AND FILING**

      a.      Any pleading or document which is to be filed in any of these actions shall be e-filed with the Clerk of this Court and not in the transferor court. The Clerk of this Court will maintain a master docket case file under the style "In Re: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION" and the identification "MDL No. 2921."[2] When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to." The following is a sample of the pleading style:

---

[2] The Clerk of the Court shall continue to maintain a separate civil action number and case file for each case filed in, removed to, or transferred to this Court.

6

| | |
|---|---|
| **IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION** | **Case No. 2:19-md-02921 (BRM)(JAD) MDL NO. 2921**<br><br>**JUDGE BRIAN R. MARTINOTTI**<br>**JUDGE JOSEPH A. DICKSON** |

**THIS DOCUMENT RELATES TO:**

  b. All documents filed in this Court must be filed electronically pursuant to Local Rule 5.1 and 7.1(d), this Court's Electronic Case Filing Policies and Procedures (http://www.njd.uscourts.gov/cmecf-policies-and-procedures), Judge Martinotti's Judicial Preferences (http://www.njd.uscourts.gov/content/brian-martinotti), and Judge Dickson's Judicial Preferences (https://www.njd.uscourts.gov/content/joseph-dickson). Attorneys may register for electronic filing at http://www.njd.uscourts.gov/cmecf-information. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing, filed with the Clerk of Court, and shall state the reason for the attorney's inability to comply.

  c. *Pro se* litigants who have not been authorized to file electronically shall continue to file their pleadings and other documents with the Clerk of this Court in the traditional manner, on paper.

  d. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

  e. When an action that properly belongs as part of *In Re: Allergan Biocell Textured Breast Implant Products Liability Litigation* is hereinafter filed in the District of New Jersey or transferred here from another court, the Clerk of this Court shall:

7

      i. File a copy of this Order in the separate file for such action;

     ii. Make an appropriate entry on the master docket sheet;

    iii. Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and

    iv. Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

**6.  APPEARANCES IN LITIGATION**

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys (in "tag-along actions") admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 101.1(c) are waived. Such counsel are subject to the New Jersey Rules of Professional Conduct, The Guidelines for Litigation Conduct, L. Civ. R. 103.1(c), and the disciplinary jurisdiction of this Court. Association of local counsel is not required.

**7.  DISCOVERY**

Judge Dickson shall preside over all discovery matters. In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are <u>not to be filed with the Clerk nor sent to the Judge's Chambers</u>, except when specifically ordered by the Court to the extent needed in connection with a motion.

**8.  LIAISON COUNSEL AND STEERING COMMITTEES**

    a.  **Liaison Counsel.** It is the intent of the Court to appoint liaison counsel for the parties. Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and pending further orders of the Court, shall be responsible

8

for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Plaintiffs' liaison counsel shall coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs' counsel. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison's group in a manner agreeable to the parties or set by the Court failing such agreement. Applications/nominations for the designation of liaison must be filed with the District of New Jersey's Clerk's Office electronically on or before a date to be set by the Court. No submissions longer than three (3) pages will be considered. Appointment of liaison counsel shall be made by the Court after full consideration of the proposals. At the Initial Case Management Conference, the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter. Henceforth, interim lead counsel or liaison counsel for all parties shall meet and confer prior to the Court conferences; prepare agendas for the conferences and submit them to the Court three days before the conference; and report at the conference regarding the status of the case. Any counsel having an interest in serving as interim lead/liaison counsel until a more formal slate is established should indicate such interest in the introductory letter, *see supra* Section 3(c)(v).

b. **Plaintiffs' Steering Committee.** It is also the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. The procedure for applications/nominations for the PSC positions will be addressed at the Initial Case Management Conference. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation (d) willingness to commit the necessary resources to pursue this matter.

The PSC will have the following responsibilities:

Discovery:

    i. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multidistrict litigation.

    ii. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

    iii. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issue found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

    iv. Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff

may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meeting:

  i. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

  ii. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

  iii. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

Miscellaneous:

  i. Submit and argue any verbal or written motions presented to the Court on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

  ii. Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court

      approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

  iii. Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

  iv. Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

  v. Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

  vi. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

  vii. Perform such other functions as may be expressly authorized by further orders of this Court.

  viii. Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

  c. **<u>Defendants' Steering Committee.</u>** The Court will consider at the Initial Case Management Conference the recommendations of the defendants for a procedure to form the

Defendants' Steering Committee. Defendants' Steering Committee will have the duties and responsibilities described in Section 8(b) of this order as it pertains to this respective group.

## 9. MDL 2921 WEBSITE

A website particular to MDL 2921 has been created and can be accessed by going to this Court's website located at www.njd.uscourts.gov and clicking on "MDL/Notable Cases" and then clicking on the link to "Allergan Biocell Textured Breast Implant 2921" located under the "MDL Cases" heading. The MDL 2921 website may also be accessed directly by going to https://www.njd.uscourts.gov/allergan-biocell-textured-breast-implant-products-liability-litigation. The website will contain forms, court orders, minute entries, a calendar of upcoming events, and other relevant information.

## 10. COMMUNICATION WITH THE COURT

Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

Counsel may contact *ex parte*, for the purpose of settlement discussions only, Judge Martinotti via email at brian_martinotti@njd.uscourts.gov or Judge Dickson via email at

13

Chambers_of_Magistrate_Judge_Joseph_Dickson@njd.uscourts.gov.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

14