UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

LETTER ORDER

August 13, 2020

*To all counsel of record via ECF*

Re:   In re:  Allergan BIOCELL Textured Breast Implant Products Liability Litig.
       Action No.: 19-MD-2921 (BRM) (JAD)

Counsel:

This will address Defendants Allergan, Inc. and Allergan USA, Inc.'s (collectively, "Allergan") Motion to Prohibit Anonymous Pleadings.  (ECF No. 70).  The undersigned conducted oral argument on Allergan's motion on July 27, 2020.  For the reasons stated below, and for good cause shown, Allergan's motion is **GRANTED**.

When filing their initial pleadings in this multi-district litigation, several named plaintiffs sought to proceed anonymously, identifying themselves by their initials or other pseudonyms (e.g., "Jane Doe") rather than using their full names.  (See, e.g., Civil Action No. 19-22126 (BRM) (JAD) (Plaintiffs identifying themselves as "M.P." and "S.S."); Civil Action No. 19-22146 (BRM) (JAD) (Plaintiff identified as "Jane Doe").  Plaintiffs did not seek leave of Court prior to doing so, nor is the Court aware of any named plaintiff filing an application to maintain that status.  On February 28, 2020, Allergan filed a motion requesting that the Court prohibit such anonymous pleadings and require all named plaintiffs to use their full names going forward. (See generally Def. Motion., ECF No. 70).  Allergan's motion is now fully briefed, (ECF Nos.

72, 78), and the parties presented oral argument during the July 27, 2020 conference in this matter.

Federal Rule of Civil Procedure 10(a) requires, in pertinent part, that the caption of a complaint "name all of the parties." This Rule "requires parties to a lawsuit to identify themselves in their respective pleadings", Doe v. Megless, 654 F.3d 404,408 (3d Cir. 2011), and "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" Id. (quoting Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997)). The United States Court of Appeals for the Third Circuit has observed that "'[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.' And, defendants have a right to confront their accusers. A Plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" Id. (internal citations omitted). The Court of Appeals acknowledged, however, that courts have permitted litigants to proceed anonymously in "exceptional cases", such as those "involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS and homosexuality.'" Id. (quoting Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).[1] The Court of Appeals stressed that a litigant's fear of embarrassment or economic harm will not suffice to justify permitting that litigant to proceed anonymously. Id. "Instead, [that litigant] must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Id. (quoting Doe v.

---

[1] The Court notes that the Court of Appeals adopted this language from the Borough of Morrisville case, which is now approximately 30 years old. The Court believes this citation is now culturally dated, however, and that society views most, if not all, of the topics discussed therein far differently in 2020 than it did in 1990. It is not clear that privacy concerns regarding all of these topics would necessarily justify anonymity today. Nonetheless, the Court reads this language as standing for the more general proposition that, when considered under the prevailing circumstances, certain issues are sufficiently sensitive that they may merit anonymity.

Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)). "When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in the open litigation process." Id.

The Court of Appeals also provided guidance regarding the appropriate factors that a court should consider when conducting such a balancing test by expressly endorsing the framework that the United States District Court for the Eastern District of Pennsylvania set forth in Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997). See Megless, 654 F.3d at 409. Specifically, the Court of Appeals identified six factors that favor maintaining anonymity:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

Id. (quoting Provident Life, 176 F.R.D. at 467-68). The Court of Appeals also identified the following three factors that "disfavor[] anonymity":

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

Id. (quoting Provident Life, 176 F.R.D. at 467-68).  Courts evaluating a litigant's request to proceed anonymously should consider these factors, along with any others that appear pertinent in the context of a particular case.  Id.

Here, Plaintiffs have not articulated a "fear of severe harm" necessary to justify balancing under the Megless factors.  The Court notes that this was a bit of an uphill battle from the outset, as Plaintiffs made their argument through generalizations and hypothetical situations, rather than focusing on any particular Plaintiff's actual circumstances.  In any event, while stated in various ways, the record reflects that Plaintiffs are motivated to seek anonymity to protect against the disclosure of their personal medical decisions.  (See, e.g.,Pl. Br. at 1, ECF No. 72 ("[t]hey ask that they be permitted to proceed anonymously to prevent disclosure of highly sensitive and deeply personal information"; 2 (referencing Plaintiffs' "genuinely held concerns about publicly exposing their identities and personal health choices in this litigation."); 5 (describing the privacy interests involved as "those related to Plaintiffs' personal medical decisions to undergo breast implant surgery, Plaintiff's prior medical histories, and Plaintiffs' exposure to Defendants' dangerous product and its related implications").  Plaintiffs, in turn, argue that they "have a reasonable fear that widespread knowledge of their medical histories will lead to unnecessary stigma and humiliation in familial, social and professional circles."  (Id. at 7).

As an initial point, Plaintiffs have not described what that stigma might be, or how the disclosure of the general information at issue here might subject them to humiliation.  Even assuming that it would, the Court of Appeals has expressly held that the potential for embarrassment does not justify anonymity.  Megless, 654 F.3d at 408.  Nor have Plaintiffs established that the possible revelation of a general medical decision provides a sufficient basis for proceeding via pseudonym.  If it did, nearly every case involving a medical procedure,

4

device, or insurance claim, among a host of other scenarios, would seemingly qualify, and the exception would become the rule.

The Court finds that Plaintiffs have not established that using their names in this litigation might subject them to the sort of "severe harm" that might justify anonymous pleading in this Circuit. As they have not met that threshold point, the Court will grant Allergan's motion without the need to balance Plaintiffs' concerns against the public interest in open judicial proceedings. Id. (noting that courts should conduct a balancing test "[w]hen a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym").

## CONCLUSION

Based on the foregoing, **IT IS** on this 13th day of August, 2020,

**ORDERED** that Allergan's Motion to Prohibit Anonymous Pleadings, (ECF No. 70), is **GRANTED**; and it is further

**ORDERED** that the parties shall meet and confer about the impact of the Court's decision, and, **on or before August 28, 2020**, shall submit a joint status report letter setting forth a plan for its implementation.

SO ORDERED

s/ Joseph A. Dickson
JOSEPH A. DICKSON, U.S.M.J.

cc:     Honorable Brian R. Martinotti, U.S.D.J.