UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
IN RE ALLERGAN BIOCELL              :   Case No. 2:19-md-2921-BRM-ESK
TEXTURED BREAST IMPLANT             :
PRODUCTS LIABILITY                  :
LITIGATION                          :
                                    :   ORDER
                                    :
_____:

      **THIS MATTER** is before the Court on three motions by Defendants Allergan, Inc. and Allergan USA, Inc. ("Allergan"): (1) Motion to Strike/Dismiss Plaintiffs' Consolidated Class Action Complaint ("CAC") (ECF No. 118) and every other class action complaint filed in a lawsuit that is part of this Multi District Litigation ("MDL") pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) (ECF No. 171-2); (2) Motion to Dismiss Plaintiffs' complaints on preemption grounds pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 171-1); and (3) Motion to Dismiss Plaintiffs' Master Long Form Personal Injury Complaint ("PIC") (ECF No. 119) on non-preemption grounds and every other complaint filed in a lawsuit that is part of this MDL and alleges personal injury damages pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b)(6) (ECF No. 171-3). Having reviewed the parties' submissions filed in connection with the Motions and having heard oral argument on December 14, 2020 (ECF No. 261), for the reasons set forth in the accompanying Opinion and for good cause having been shown,

      **IT IS** on this 19th day of March 2021,

      **ORDERED** that Allergan's Motion to Strike/Dismiss CAC (ECF No. 171-2), Motion to Dismiss Plaintiffs' complaints on preemption grounds (ECF No. 171-1), and Motion to Dismiss PIC (ECF No. 171-3) are **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that Plaintiffs' claims based on the alleged defects in Allergan's investigational devices used in an approved clinical trial, other than Allergan's tissue expanders and implants sold before the 2000 PMA, are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' claims for negligence *per se* (Count III) asserted under the laws of Alaska, Arkansas, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Rhode Island, Texas, Utah, Vermont, Washington, West Virginia, and Wyoming are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' claims for strict liability (Count IV) and negligent failure to warn (Count V) based on Allergan's alleged failure to (1) warn on its label the risk of developing BIA-ALCL and (2) conduct post-PMA clinical studies, for the BIOCELL implants, other than Allergan's tissue expanders and implants sold before the 2000 PMA, are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' claims for strict liability (Count IV) and negligent failure to warn (Count V) based on Allergan's alleged failure to  adequately report safety information to the FDA under the laws of Alabama, Alaska, Arkansas, Arizona, Colorado, Connecticut, District of Columbia, Florida, Georgia, Iowa, Kansas, Maine, Massachusetts, Michigan, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Utah, Virginia, West Virginia, and Wyoming are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' claims for negligent representation (Count VI) asserted under the laws of Arkansas, Louisiana, Minnesota, and Virginia, as well as Mississippi common law are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' claims for implied warranty of merchantability (Count VII) asserted Pennsylvania law and Wisconsin law are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' claims for express warranty (Count VIII) asserted under Wisconsin law are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' class allegations for a nationwide Rule 23(b)(2) medical monitoring class are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' class allegations for the PMA and non-PMA Device State Subclasses for Alaska, American Samoa, Arkansas, District of Columbia, Guam, Hawaii, Indiana, Kansas, Maryland, Mississippi, Nebraska, New Hampshire, North Dakota, Northern Mariana Islands, Puerto Rico, U.S. Virgin Islands, and Vermont are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the motions to dismiss are **DENIED** as to the remaining claims.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE