Joseph A. Dickson, U.S.M.J. (Ret.)
Brittany Manna, Esq.
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
(973) 325-1500
*Appointed Special Master*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2921<br>Civil Action No.: 2:19-md-2921 (BRM)(ESK) |
| This Order Relates to All Actions:<br><br>*In re Allergan Biocell Textured Breast Implant Product Liability Litigation*, **MCL No. 634** | **SPECIAL MASTER CASE MANAGEMENT ORDER NO. 33** |

This matter comes before us by way of Plaintiffs' October 7, 2024 Motion to Quash or for a Protective Order concerning Allergan's subpoena to Universal Funds, Inc. ("Universal"). On October 25, 2024, Allergan submitted an opposition. Plaintiffs did not submit a reply.

4908-2404-7872.v1

**I.     INTRODUCTION**

The parties are familiar with the underlying action and claims. Accordingly, we will recite only the relevant procedural and factual background necessary to address the disputes at hand.

**II.    PLAINTIFFS' ARGUMENT**

Plaintiffs argue that Allergan's subpoena to Universal, a non-recourse lender, is overly broad and seeks irrelevant information. According to Plaintiffs, Universal is not involved in Plaintiffs' litigation decision-making and compliance with the subpoena will result in the disclosure of confidential financial information. Plaintiffs further argue that Fed. R. Civ. P. 45 requires courts to quash any subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiffs argue that the subpoena is unreasonable because the parties previously negotiated to identify the financial and medical information that was necessary for Allergan's defense of the case. The parties stipulated to specific items that were discoverable for the bellwether pool of Plaintiffs – but Allergan's subpoena goes beyond the agreed upon items.

Alternatively, Plaintiffs argue that good cause exists to issue a protective order to protect Plaintiffs from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). If Universal is compelled to comply with the subpoena, then Plaintiffs' privacy interests will be violated by the disclosure of confidential financial and health information.

**III.   ALLERGAN'S ARGUMENT**

Allergan argues that disclosure of litigation funding is required under L. Civ. R. 7.1.1. Allergan further argues that there is no existing Case Management Order that prevents Allergan

from issuing third party subpoenas. According to Allergan, the purpose of the subpoena is to analyze the extent of Universal's involvement in, and control of, this litigation, and to explore how the involvement of Universal has influenced Plaintiffs' decisions to pursue medical care and their claim for damages. Allergan further argues that Plaintiffs cannot be unduly burdened by the subpoena because the subpoena is directed to a non-party.

Allergan further argues that litigation funding information is discoverable and relevant to damages, settlement, and determining the parties' motivations. Allergan also argues that Plaintiffs do not have a legitimate privacy claim because Plaintiffs have already provided and permitted access to information relating to their finances, including medical expenses, billing records, income, and earning capacity.

### IV.    DISCUSSION

Plaintiffs seek an order pursuant to Fed. R. Civ. P. 45 to quash the subpoena, or alternatively, pursuant to Fed. R. Civ. P. 26 for a protective order. However, we need not address either rule because as a threshold matter, Plaintiffs have an obligation to comply with Local Civil Rule 7.1.1.

Pursuant to L. Civ. R. 7.1.1(a) regarding the disclosure of third-party litigation funding:

Within 30 days of filing an initial pleading or transfer of the matter to this district, including the removal of a state action, or promptly after learning of the information to be disclosed, all parties, including intervening parties, shall file a statement (separate from any pleading) containing the following information regarding any person or entity that is not a party and is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal or bank loan, or insurance:

3

1. The identity of the funder(s), including the name, address, and if a legal entity, its place of formation;

2. Whether the funder's approval is necessary for litigation decisions or settlement decisions in the action, and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval; and

3. A brief description of the nature of the financial interest.

Here, Plaintiffs acknowledge that Universal is a "non-recourse lender." *See* Pl. Mot. to Quash at 1. To that end, there can be no dispute that L. Civ. R. 7.1.1 requires Plaintiffs to provide the information set forth in (1)-(3) above regarding Universal and any other non-recourse third-party litigation financers. Within 14 days of this Order, Plaintiffs shall comply with L. Civ. R. 7.1.1.

At this time, Plaintiffs' Motion to Quash is premature because Allergan may be permitted to seek additional discovery related to Universal and any other third-party nonrecourse lender involved in this litigation. Local Civil Rule 7.1.1(b) allows the parties to "seek additional discovery of the terms of any such [finance] agreement upon a showing of good cause that the non-party has authority to make material litigation decisions or settlement decisions, the interest of parties or the class (if applicable) are not being promoted or protected, or conflicts of interest exist, or such other disclosure is necessary to any issue in the case." L. Civ. R. 7.1.1(b). In other words, Allergan can potentially seek additional discovery about the agreements with Universal but its ability to seek additional discovery is contingent on Plaintiffs' disclosures pursuant to L. Civ. R. 7.1.1(a). It's also feasible (and encouraged) that after Plaintiffs make their disclosures, Allergan may narrow the documents and information it seeks in the subpoena to Universal.

For those reasons, Plaintiffs' Motion to Quash is denied without prejudice to Plaintiffs' right to renew its motion after they comply with L. Civ. R. 7.1.1 and Allergan reviews the

4

4908-2404-7872.v1

disclosures. We also suggest that Allergan should, following receipt of Plaintiffs' disclosures, consider narrowing its requests.

## CONCLUSION and ORDER

For the foregoing reasons, it is on this 6th day of December 2024,

**ORDERED** that within 14 days of this Order, Plaintiffs shall file a statement in compliance with L. Civ. R. 7.1.1 as to Universal and any other third-party litigation financer.

**ORDERED** that Plaintiffs' Motion to Quash is denied without prejudice to Plaintiffs' right to renew its motion following its compliance with L. Civ. R. 7.1.1.

**SO ORDERED.**

/s/ *Joseph A. Dickson*
Hon. Joseph A. Dickson, U.S.M.J. (Ret.)
Special Master

/s/ *Gregg A. Padovano*
Hon. Gregg A. Padovano, J.S.C.

Date: December 6, 2024

4908-2404-7872.v1