**REED SMITH LLP**
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824

*Attorneys for Defendants*
*Allergan, Inc. and Allergan USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION | Case No.: 2:19-md-02921 (BRM)(LDW) MDL NO. 2921<br><br>JUDGE BRIAN MARTINOTTI<br>MAGISTRATE JUDGE LEDA D. WETTRE<br>SPECIAL MASTER JOSEPH A. DICKSON |

**THIS DOCUMENT RELATES TO: ALL ACTIONS**

## ALLERGAN'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO QUASH OR FOR A PROTECTIVE ORDER

Pursuant to the Court's January 2, 2025 communication to the parties, Allergan hereby submits its Surreply in Opposition to Plaintiffs' Motion to Quash.

## I. INTRODUCTION

Plaintiffs' Reply fails to present this Court with any fact or point of law warranting the relief they seek. The fact remains: Universal Funds – a self-described lawsuit funding company – has provided plaintiffs involved in this litigation with financial advancements drawn from the proceeds they expect to earn via settlement or verdict. This Court, in soliciting public feedback on litigation funding disclosures and promulgating L. Civ. R. 7.1.1, has affirmed its interests in promoting open discovery relating to precisely this type of litigation funding scheme. Consistent with our Local Rule, Allergan now seeks discovery from Universal Funds to understand the nature and extent of this financial arrangement.

Nevertheless, Plaintiffs – who already failed to make the requisite initial disclosures of this funding under L. Civ. R. 7.1.1 – now argue to this Court that the litigation funding agreements at issue are "personal loans," untethered to the litigation, and that Allergan is not entitled to this third-party discovery based solely on those representations. Not only is this not how discovery works, but Plaintiffs' characterization of the funding as "personal loans" is contradicted by the language in the funding agreements themselves. Plaintiffs' remaining arguments with respect to standing and privacy concerns likewise fail to support denying Allergan's right to this discovery, as more fully discussed below. Accordingly, the Court should reject Plaintiffs arguments and permit Allergan to discover the extent to which litigation funding agreements are at play in this litigation.

## II. ARGUMENT

### A. Plaintiffs' Mischaracterization of Universal Funds' Litigation Financing Agreements Does Not Nullify L. Civ. R. 7.1.1

Plaintiffs argue that L. Civ. R. 1.1 is not applicable here because the funding agreements are "simply a personal loan." Pl. Reply at 1. But as this Court has already recognized, Plaintiffs conceded (as they must) that Universal Funds is a non-recourse lender – thereby bringing it within the purview of L. Civ. R. 7.1.1. *See* Special Master Case Management Order No. 33, ECF 543, at 4. What's more, Plaintiffs' claims about the nature of the litigation funding agreements are belied by the terms of the agreements themselves, which explicitly characterize the transaction as an investment, not a loan. *See* Universal Funds Agreements, attached as **Exhibit A** to the Declaration of Melissa Geist filed concurrently herewith, at 7, 19, 31, and 45, ¶8 Reclassification of Transaction ("This Agreement represents an investment by Buyer, and not a loan to Seller"). Not only that, but Universal Funds itself represents that "Settlement funding is NOT a loan." *Universal Funds Homepage*, UNIVERSAL FUNDS, https://universalfunds.net/ (emphasis in original) (last visited January 7, 2025) attached as **Exhibit B** to the Declaration of Melissa Geist.

Further, despite Plaintiffs' claims to the contrary, Universal Funds' own website describes the company as a "Lawsuit Funding Company" comprised of "professional funding experts" seeking to help plaintiffs "obtain an advance on money [they] are expected to receive after winning a lawsuit." *Id.*; *see also About Universal Funds*, UNIVERSAL FUNDS, https://universalfunds.net/about-universal/ (last visited January 7, 2025), attached as **Exhibit C** to the Declaration of Melissa Geist. Universal Funds further clarifies that the funding it provides is "an advance given to the Claimant/Litigants for a share of the final judgment or settlement" and is intended to cover the "pile of bills and expenses" that develop over the course of a lawsuit.

On just the home page, Universal Funds repeatedly affirms that the money it provides plaintiffs in connection with their lawsuits is "settlement funding" (12 instances), "legal funding" (3 instances), and "lawsuit funding" (3 instances). Nowhere does Universal Funds indicate that it offers mere "personal loans."

Given these public-facing statements, there can be no meaningful dispute that Universal Funds' services fall squarely under the purview of L. Civ. R. 7.1.1, which explicitly mandates the disclosure of third-party litigation funding from companies offering plaintiffs funding for expenses associated with litigation. Plaintiffs seek to avoid this outcome by arguing – without a single supporting citation – that L. Civ. R. 7.1.1 does not apply because no payments were directed to Plaintiffs' attorneys. But there is no provision in the local rule that limits the requisite disclosure to cases only where attorneys received payment, nor has any Court endorsed such a prescriptive interpretation of the rule. Likewise, Plaintiffs' distinction between bellwether and non-bellwether plaintiffs is similarly at odds with L. Civ. Rule 7.1.1, which includes no limitation based on the type of litigation or plaintiff at issue.

Under this framework, there is no basis for precluding Allergan from fully exploring the extent to which legal funding companies are involved in this litigation overall – particularly in light of the revelation of additional legal funders at work in this litigation. *See* Allergan's Opposition at 7 ("Allergan's initial investigation into this issue has already revealed yet another third-party litigation financier – the Bairs Foundation – funding plaintiffs in connection with their claims in this MDL"). Accordingly, Allergan is entitled to the litigation funding discovery it has requested, and Plaintiffs' arguments to the contrary must be rejected.

B.   **Plaintiffs' Other Arguments Likewise Provide No Basis to Quash the Subpoena**[1]

***First***, Plaintiffs' argument with respect to standing is unavailing. To be clear, Allergan's argument that Plaintiffs do not have standing to quash the third-party subpoena is based entirely on the lack of any burden to Plaintiffs. *See* Allergan's Opposition at 7 ("First, as a threshold matter, Plaintiffs do not have standing to quash the subpoena *on the basis of undue burden*") (emphasis added); *see also, e.g., Malibu Media, LLC v. Does*, Civil Action No. 12-3896-MAS-DEA, 2012 U.S. Dist. LEXIS 175919, at *7-8 (D.N.J. Dec. 12, 2012) ("[The movant] is not faced with an undue burden because the subpoena is directed at the [third-party] and not the [movant]"). Not only is there no burden to Plaintiffs, who are not the recipient of the third-party subpoena and have no obligation with respect to responding to same but, even more importantly, Universal Funds – the party that would bear the alleged burden of production – has remained silent, advancing no claim of undue burden to counsel for Allergan or to this Court. The only "burden" here that may inure to Plaintiffs is compliance with the Local Rule, which is an obligation when practicing in the District Court of New Jersey.

***Second***, Plaintiffs' argument with respect to privacy concerns is equally unavailing. This litigation is based on claims of personal injury from use of Allergan's breast implant devices, where Plaintiffs have produced medical records revealing a host of personal and private information. Litigation funding documents do not impinge on privacy rights any more so than medical records and, even if they did, Plaintiffs ignore the fact that discovery in this case is

---

[1] As an initial matter, Plaintiffs' argument that this Court has jurisdiction over this motion is not an issue in dispute and frankly moot, as Allergan already agreed that the motion is properly before this Court for disposition. *See* Allergan's Opposition at 3-4 (". . . the motion is ripe for dismissal because it is riddled with substantive deficiencies on its merits. Accordingly, for the sake of judicial economy, Allergan presents its substantive opposition to Plaintiffs' motion and requests the Court dismiss it on its merits").

governed by a protective order safeguarding the parties' privacy – and a local rule mandating disclosure and allowing additional discovery.[2]

Accordingly, and in light of these open questions about the prevalence and influence of third-party funders in this litigation, additional discovery is not only appropriate – it is required by New Jersey law. *See* L. Civ. R. 7.1.1; *see also MSP Recovery Claims Series,* 2024 U.S. Dist. LEXIS 160906, at *20 (D.N.J. Sep. 6, 2024) ("With respect to the litigation funding documents, the Court finds these too are responsive . . . and are relevant in determining the real party in interest for this litigation and likewise are relevant to Defendants' defenses").

### III.    CONCLUSION

For all the foregoing reasons, this Court should enforce L. Civ. R. 7.1.1 and reject Plaintiffs' efforts to deny Allergan discovery into the extent of litigation funding in this litigation.

Dated:  January 10, 2025               Respectfully submitted,

**REED SMITH LLP**

By:   */s/ Melissa A. Geist*
       Melissa A. Geist

*Attorneys for Defendants*
*Allergan, Inc. and Allergan USA, Inc.*

---

[2] This Court has also already addressed L. Civ. R. 7.1.1 and held that the documents at issue here are important, relevant, and discoverable. *See MSP Recovery Claims Series,* 2024 U.S. Dist. LEXIS 160906, at *20 ("litigation funding documents . . . are relevant in determining the real party in interest for this litigation."). Although Plaintiffs point the Court to a decision in the *Valsartan* litigation, they fail to acknowledge that *Valsartan* has already been rejected as a bar to the discovery of third-party litigation funding. *See MSP*, 2024 U.S. Dist. LEXIS 160906 at *21 (Martinotti, J.) ("Plaintiffs cited to the [*Valsartan*] case to argue that Defendants must demonstrate good cause as to why they are entitled to discovery, but this case is not persuasive on this point because in that case, the Court clarified that it was 'not ruling that litigation funding discovery is off-limits in all instances'").