**HUESTON HENNIGAN LLP**
523 W 6th St Unit 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

**REED SMITH LLP**
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 987-0500
Facsimile: (609) 951-0824

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (202) 637-2200

*Attorneys for Defendants*
*Allergan USA, Inc. and Allergan, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Rabin v. Allergan, Inc. et al*<br>Case No. 2:22-cv-04222-BRM-LDW<br><br>*Dowland et al v. Allergan, Inc. et al*<br>Case No. 2:22-cv-03125-BRM-LDW<br><br>*Villarreal et al v. Allergan, Inc. et al*<br>Case No. 2:20-cv-14796-BRM-LDW<br><br>*Henson v. Allergan, Inc. et al*<br>Case No. 2:21-cv-11728-BRM-LDW<br><br>*Morales-Hernandez et al v. Allergan USA Inc. et al*<br>Case No. 2:22-cv-03523-BRM-LDW<br><br>*Drake v. Allergan USA Inc. et al*<br>Case No. 2:22-cv-03756-BRM-LDW | **Case No. 2:19-MD-02921 (BRM)(LDW)**<br><br>**MDL NO. 2921**<br><br>JUDGE BRIAN R. MARTINOTTI<br>MAGISTRATE JUDGE LEDA DUNN WETTRE<br><br>FILED ELECTRONICALLY |

**OMNIBUS CERTIFICATION OF CASSIDY O'SULLIVAN IN SUPPORT OF DEFENDANTS' RULE 702 MOTIONS TO EXCLUDE EXPERT OPINIONS AND RULE 26 MOTION TO COMPEL EXPERT RELIANCE MATERIALS**

I, Cassidy O'Sullivan, certify as follows:

1. I am an attorney at the law firm of Hueston Hennigan LLP, counsel of record for Defendants Allergan, Inc. and Allergan USA, Inc. (collectively "Allergan") in this action. I submit this Omnibus Certification in support of the following Allergan motions, filed herewith:

a. Motion to Exclude Certain Expert Opinions of Dr. Elizabeth Hall-Findlay Under Rule 702;

b. Motion to Compel Production of Plaintiffs' Expert Dr. Hall-Findlay's 2017 and 2019 Patient Letters;

c. Motion to Exclude Certain Expert Opinions of Dr. Dean Felsher Under Rule 702;

d. Motion to Exclude Certain Expert Opinions of Dr. Gregory Sawyer Under Rule 702; and

e. Motion to Exclude Certain Expert Opinions of Dr. Darren Scheer Under Rule 702.

2. I have personal knowledge of the facts set forth in this Certification except as stated otherwise and, if called as a witness, could and would testify competently to such facts under oath.

**MOTIONS RELATING TO DR. HALL-FINDLAY**

3. Attached hereto as **Exhibit 1** is a true and correct excerpted copy of the expert report of Dr. Elizabeth J. Hall-Findlay, dated February 12, 2026 and served by Plaintiffs in this action.

4. Attached hereto as **Exhibit 2** is a true and correct excerpt of the transcript of the May 11, 2026 deposition of Dr. Elizabeth Hall-Findlay.

5. Attached hereto as **Exhibit 3** is a true and correct copy of email correspondence between myself on behalf of Allergan and Plaintiffs' counsel, Virginia Buchanan of Levin Law and Brian Devine of Seeger Devine between the dates of June 16, 2026 and July 11, 2026, concerning Allergan's request that Plaintiffs produce two letters Dr. Hall-Findlay testified she sent to her patients with BIOCELL implants.

6. On June 16, 2026, I emailed Ms. Buchanan and Mr. Devine, who defended Dr. Hall-Findlay's deposition, requesting copies of the letters that Dr. Hall-Findlay testified during her May 11, 2026 deposition she sent to her BIOCELL patients in 2017 and 2019 concerning BIA-ALCL and the BIOCELL recall. Dr. Hall-Findlay also testified that she retained copies of those letters. I asked Plaintiffs to advise by June 22, 2026 whether they would produce the letters or whether formal discovery requests would be necessary. I did not receive a response.

7. On June 23, 2026, I sent a follow-up email again requesting Plaintiffs' position. I did not receive a response.

8. On July 6, 2026, I sent another follow-up email asking Plaintiffs to confirm by the following evening whether they would produce the letters or, if not, to identify the basis for withholding them. I also noted the July 15, 2026 deadline for expert-related motions, advised that Defendants intended to seek relief under Rules 26 and 37 if the letters were not produced, and stated that Defendants were available to meet and confer promptly in an effort to resolve the issue without the Court's intervention. I requested a response by the evening of July 7, 2026. I did not receive a response by the requested date.

9. On July 11, 2026, Ms. Buchanan responded on behalf of Plaintiffs. She stated that Plaintiffs objected to any further production from Dr. Hall-Findlay or Plaintiffs' other experts because Allergan had not requested the letters before or during Dr. Hall-Findlay's deposition and had not pursued them before the close of expert discovery on July 3, 2026.

10. On the same day (July 11, 2026), I responded on Allergan's behalf. I explained that the existence of the letters was disclosed for the first time during Dr. Hall-Findlay's deposition, that Allergan requested them on June 16 and followed up on June 23, both before the expert discovery cutoff, and that Allergan followed up again on July 6. I also stated that the request was limited to the two identified letters, related to Dr. Hall-Findlay's opinions, and did not appear to impose a substantial burden. I asked Plaintiffs to confirm by 12:00 p.m. PT on Monday, July 13, 2026 that they would produce the letters or, alternatively, to provide their availability to meet and confer that day. I again reiterated that Allergan otherwise would file the motion to compel described in my prior email.

11. As of the date of this declaration, Plaintiffs have not agreed to produce the letters or provided availability to meet and confer, and Exhibit 3 is the complete record of correspondence between the parties on this issue.

12. The parties were unable to resolve the dispute through their written correspondence and Allergan's efforts to meet and confer.

**MOTION TO EXCLUDE OPINIONS OF DR. FELSHER**

13. Attached hereto as **Exhibit 4** is a true and correct excerpted copy of the expert report of Dr. Dean Felsher, dated February 11, 2026 and served by Plaintiffs in this action.

14. Attached hereto as **Exhibit 5** is a true and correct excerpted copy of the transcript of the April 24, 2026 deposition of Dr. Dean Felsher.

**MOTION TO EXCLUDE OPINIONS OF DR. SAWYER**

15. Attached hereto as **Exhibit 6** is a true and correct excerpted copy of the Expert Witness Report of Dr. W. Gregory Sawyer, dated February 9, 2026, and served by Plaintiffs in this action.

16. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts of the transcript of the April 2, 2026 deposition of Dr. W. Gregory Sawyer.

17. **Exhibit 8** is intentionally left blank.

18. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts of the expert report of Dr. Dean Felsher, dated February 11, 2026 and served by Plaintiffs in this action.

19. Attached hereto as **Exhibit 10** is a true and correct copy of the amended & corrected expert report of W. Gregory Sawyer, dated March 30, 2026 and served by Plaintiffs in this action.

20. **Exhibit 11** is intentionally left blank.

**MOTION TO EXCLUDE OPINIONS OF DR. SCHEER**

21. Attached hereto as **Exhibit 12** is a true correct excerpted copy of the expert report of Darren Scheer, dated February 12, 2026, and served by Plaintiffs in this action.

22. Attached hereto as **Exhibit 13** is a true and correct excerpted copy of the transcript of the June 10, 2026 deposition of Darren Scheer.

23. Attached hereto as **Exhibit 14** is a true and correct copy of the order excluding certain of Darren Scheer's opinions in *In Re: Abbott Laboratories, et al. Preterm*

*Infant Nutrition Products Liability Litigation*, MDL No. 3026, Dkt. 663 (N.D. Ill. Jul. 24, 2025).

24. Attached hereto as **Exhibit 15** is a true and correct copy of the order excluding certain of Darren Scheer's opinions in *Wholey v. Amgen Inc.*, Index No. 162934/2015, Dkt. 284 (N.Y. Sup. Ct. Jun. 26, 2023).

25. Attached hereto as **Exhibit 16** is a true and correct copy of the order striking portions of the addenda to Darren Scheer's expert report in *In Re: Zostavax Products Liability Litigation*, MDL No. 2848, Dkt. 785 (E.D. Pa. Aug. 11, 2021).

26. Attached hereto as **Exhibit 17** is a true and correct copy of correspondence from Allergan's counsel to Plaintiffs' counsel prior to Darren Scheer's deposition, requesting production of the native-format data files and spreadsheets that Darren Scheer downloaded, used, or created to generate the appendices to his expert report.

27. Attached hereto as **Exhibit 18 through 31** are true and correct copies of the fourteen unfiltered .txt files comprising the FDA's Manufacturer and User Facility Device Experience (MAUDE) medical device report (MDR) data that Plaintiffs produced in response to Allergan's requests for the native data and spreadsheet files underlying Darren Scheer's appendices. These exhibits are lodged with the Court electronically given their size.

28. Attached hereto as **Exhibit 32** is a true and correct copy of correspondence wherein Plaintiffs' counsel, after Darren Scheer's deposition, continued to deny Allergan's requests for Darren Scheer's native Excel spreadsheets, produced only Excel files pertaining to a different expert, and represented that "Dr. Scheer did not and has not created an excel spreadsheet."

29. Attached hereto as **Exhibit 33** is a true and correct copy of Allergan's May 18, 2026 Notice of Deposition of Expert Darren Scheer and Request for Production of Documents, which was marked as Exhibit 1 to the June 10, 2026 deposition of Darren Scheer.

30. Despite Allergan's requests for all data files and documents that Darren Scheer considered in forming his opinions, Plaintiffs have also never produced any native Word files created by or for Darren Scheer, notwithstanding his deposition testimony that the Excel files he used in his analysis "would be converted into Word files."

I certify that the foregoing statements made by me are true and correct to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Dated: July 15, 2026

Cassidy O'Sullivan